**SIAO GUANG ZOU, Petitioner,**

**v.**

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–1006–ag.**

United States Court of Appeals, Second Circuit.

Feb. 20, 2008.

H. Raymond Fasano, New York, NY, for Petitioner.

Lisa M. Arnold, Eric W. Marsteller, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

mer Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Siao Guang Zou, a native and citizen of the People's Republic of China, seeks review of a February 13, 2007, order of the BIA affirming the April 29, 2005, decision of Immigration Judge ("IJ") Terry Bain denying his application for relief under the Convention Against Torture ("CAT"). *In Re Siao Guang Zou,* No. A77 977 676 (B.I.A. Feb. 13, 2007), *aff'g* No. A77 977 676 (Immig. Ct. N.Y. City Apr. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

We find that substantial evidence supports the agency's denial of Zou's CAT claim. We have held that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured "based *solely* on the fact that [he] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir.2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 114 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained). Here, Zou provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of persecution or torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003).

Additionally, Zou's argument that the IJ failed to apply the proper standard in evaluating his claim is correct, as the IJ properly cited and applied 8 C.F.R. § 1208.16(c)(3) in her determination that it was not more likely than not that Zou would be tortured.

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.